IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONLY THE FIRST, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07 C 1333 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| SEIKO EPSON CORPORATION, | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ONLY THE FIRST'S MOTION TO COMPEL DISCOVERY FROM SEIKO EPSON CORPORATION

Pursuant to Fed. R. Civ. Proc. 37, Plaintiff Only the First, LTD ("OTF") moves to compel discovery from Defendant Seiko Epson Corporation ("SEC"). SEC has refused to specify the full bases upon which it will rely for its invalidity defenses. With just over one month of discovery remaining, SEC must now provide answers to OTF's interrogatories so that OTF can fully investigate these claims before the close of discovery in order to prepare for expert discovery and trial. In this motion, OTF specifically requests this court to:

1. order SEC to identify each and every basis, with particularity, for its obviousness defense as requested in OTF interrogatory 7;

2. order SEC to identify each and every basis, with particularity, for its anticipation defense as requested in OTF interrogatory 6; and

3. order SEC to provide OTF with the entire Berns, Ball and Field references, in color, which SEC has identified as "prior art" yet produced only portions of.

Pursuant to local rule 37.2, OTF has attempted to resolve these issues with SEC on numerous occasions. On May 7, 2008, counsel for OTF, Richard Megley conferred by telephone with counsel for SEC, Robert Benson, but the parties were unable to reach an accord.

Specifically, counsel for SEC refused to state the full factual bases for its invalidity defenses as requested in OTF's First Set of Interrogatories.

## I. THE COURT SHOULD ORDER SEC TO EXPLAIN ALL THE BASES FOR ITS CONTENTIONS THAT THE '339 PATENT IS INVALID FOR OBVIOUSNESS

SEC has failed to provide OTF with all the bases for its obviousness defenses. OTF requested this information in its Interrogatory No. 7, served almost nine months ago. (Exhibit 1). In that interrogatory, OTF requested that SEC identify and describe in detail the basis for any defense, allegation or contention of SEC that any claims of the '339 patent are invalid for failure to comply with 35 U.S.C. § 103. Further, SEC has asserted invalidity based upon § 103 as a defense, and alleged invalidity in a counterclaim for declaratory relief. Thus, SEC should have some factual bases for its defenses and counterclaims. However, despite OTF's right to a straightforward answer as to what each basis is, SEC remains evasive.

### A. OTF HAS SERVED A VALID INTERROGATORY

OTF has made a valid request, and SEC's responses to date are deficient in meeting the substance of that request. If SEC is relying upon a combination of certain references for a § 103 defense, OTF is entitled to a disclosure of which references SEC is combining as the basis for this conclusion. OTF served this interrogatory to narrow the issues for trial and expert discovery. Courts routinely order defendants to answer interrogatories like this one:

> Multiple courts have compelled accused infringers to supplement contention interrogatories calling for detailed explanations as to how each purported prior art reference affects the validity of the patent in suit. See Motorola, Inc. v. Alexander Manufacturing Co., 1991 U.S. Dist LEXIS 20535, *1 (N.D. Iowa Dec. 30, 1991) (granting motion to compel and ordering defendant to explain in detail its belief that each individual item of prior art affected the validity of each patent in suit); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 589, 601 (D. Del. 1973) (ordering accused infringer to 'state the basis for its contention that each patent in suit is invalid and to set forth the prior arts supporting such contentions'); Digitronics Corp. v. Jewel Companies, Inc., 57 F.R.D. 649, 650 (N.D. Ill. 1972) (finding that interrogatory requesting analysis as to each list of prior art references not overly burdensome).

Perfect Web Techs., Inc. v. InfoUSA, Inc., 2008 U.S. Dist. LEXIS 20761, *5-*6 (S.D. Fla. Mar. 17, 2008) (ordering defendants to answer interrogatory regarding prior art); see also Zip Dee, Inc. v. Domestic Corp., 1996 U.S. Dist. LEXIS 14400, *2-3 (N.D. Ill. 1996) (granting patent owner's motion to compel interrogatory answer from defendant requesting grounds relied upon for its obviousness and anticipation defenses); see also Static Control Components, Inc. v. Lexmark Int'l, 2006 U.S. Dist. LEXIS, *12-15 (E.D. Ken. April 6, 2006) (granting motion to compel interrogatory answer regarding factual and legal basis for the contention that patents were invalid); see also Dot Com Ent. Group, Inc. v. The Cyberbingo Corp., 237 F.R.D. 43, 46 (W.D.N.Y. 2006) (ordering defendants to answer interrogatory requesting basis for the defense and counterclaim of invalidity).

SEC's long list of objections does not excuse its failure to answer this basic interrogatory. The first objection SEC makes to this interrogatory is that it is "premature" because the court has not yet construed the claims. Thus, SEC believes that because its cited prior art is related to the Court's claim construction, it can wait until the Court construes the terms to reveal its invalidity claims and defenses. SEC is correct that the prior art and the claim terms' construction are related, but SEC has it backwards. The information requested in this interrogatory **may play a role** in claim construction. See, e.g., Arthur A. Collins Inc. v. Northern Telecom Ltd., 216 F.3d 1042, 1044-45 (Fed. Cir. 2000).

SEC further objects that this interrogatory is premature because SEC is not yet required to disclose the substance of its expert analysis. Again, SEC misses the point. OTF served this interrogatory to narrow the issues **before** expert discovery and trial, thus SEC should answer them now. Dot Com Ent. Group, Inc. v. The Cyberbingo Corp., 237 F.R.D. 43, 46 (W.D.N.Y. 2006) ("as plaintiff's interrogatories concerning prior art were designed to clarify issues and

narrow scope of dispute in patent infringement action, defendant's response would not be deferred even if such interrogatories sough defendant's contentions." citing Braun Medical, Inc., v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994)). In Motorola, Inc. v. Alexander Manufacturing Co., the court squarely rejected defendant's assertion that it needed its experts in order to more fully respond to an interrogatory requesting the basis for its invalidity defense:

> While the court has no reason to doubt Alexander's claim that its investigations continue, the fact remains that Alexander has already listed, for unknown reasons, certain specific items of prior art. Thus, Alexander must have, at the present time, some idea of how each item of prior art relates to the patent in suit under which it is listed in the interrogatory responses. If the prior cited art embodies all features of a design patent at issue, Alexander should say so. If it is cited for a particular feature such as its latch, its groves, or its edge, that feature should be specified and an explanation should be given as to why Alexander believes it is relevant prior art.

1991 U.S. Dist LEXIS 20535, *3-4 (N.D. Iowa Dec. 30, 1991).

In objecting to this interrogatory, SEC makes two legally erroneous arguments concerning secondary considerations and the '339 patent's validity. (Exhibit 2, p. 12). First, SEC states that secondary considerations are "a means for a patentee to rebut a prima facia showing of obviousness by a defendant; the defendant does not bear the burden of showing the absence of such factors, and those factors need not be considered at all if they are not relevant." (Exhibit 2, p. 12). Not true. SEC fails to mention that in order for a defendant to make a showing of obviousness, the defendant must overcome its burden, by clear and convincing evidence, that the patent is invalid. "The patent statute, 35 U.S.C. § 282, is unambiguous: 'a patent shall be presumed valid…the burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity'." Roper Corp. v. Litton Systems, Inc., 757 F.2d 1266, 1270 (Fed. Cir. 1985). Further, when a court is evaluating the evidence a validity challenger brings forth, the court will consider secondary considerations. Pharmastem Therapeutics, Inc., v. Viacell, Inc., 491 F.3d 1342, 1359 (Fed. Cir. 2007); see also KSR Int'l, Co. v. Teleflex, Inc, 127

S. Ct. 1727, 1741 (2007) ("Rejections on obviousness grounds cannot be sustained by mere conclusory statements; instead there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness").

### B. SEC HAS NOT DETAILED THE BASES FOR ITS OBVIOUSNESS DEFENSE

Despite OTF's right to have SEC answer Interrogatory No. 7 and disclose every basis for its obvious defense in an element-by-element analysis, SEC has refused to do so. In fact, SEC **<u>admits</u>** its answer is not complete. "[SEC] will supplement its production with additional prior art and other related documents." (Exhibit 2, p. 13). In lieu of a complete answer to this interrogatory, SEC has instead identified 12 U.S. patents, numerous Japanese and European patents and numerous Japanese and European patent applications which allegedly support its obviousness defense. (Exhibit 2, p. 14). Other than listing those references, SEC provides no explanation or analysis as to how those references support or relate to SEC's invalidity claims. OTF is left to guess and speculate as to how those references are relevant, if at all. If SEC is in fact relying on those patents and applications for its obviousness defense, it must explain what each one discloses and how they are being combined, and it must do so now.

Worse, SEC identifies 57 more references that allegedly support its obvious defense. (Exhibit 2 pp. 14-18). With the exception of three of those references, SEC provides no explanation of what those references disclose, or an element-by-element analysis demonstrating how those references will be used to support its obviousness defense. SEC provides no clue as to how, if at all, those 57 references relate to its invalidity claims. Again, SEC leaves OTF to guess as to the relevance.

SEC expects OTF to analyze the ***millions*** of possible combinations of references that SEC might be asserting. This is grossly unfair. For each of the numerous references cited, SEC

fails to provide any explanation as to how they are relevant, how they are combining them, how they disclose the claimed inventions of the OTF '339 patent. Nothing. SEC does not even specify if it will be combining two, three, or more references at a time. There has been adequate time for SEC to investigate and fully develop its obviousness defense. Accordingly, SEC should be ordered to disclose the combinations and details, including an element-by-element comparison of its obviousness defense.

Moreover, Rule 33(d) requires that "if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d). First, the burden is not substantially the same for either party to identify which references SEC will combine for its obviousness defense. Given the number of references and potential combinations, OTF cannot be expected to guess what SEC will allege as the factual basis for its unknown § 103 defense. Also, even if the burden in ascertaining the answer to Interrogatory No. 7 was the same for each party (which it is not), SEC has not specified the records in "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d).

SEC apparently believes that the discovery process is a game of "hide and seek" in which OTF is required to search for the documents supporting SEC's positions. This is incorrect. See Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 231 (E.D. Mich. 1978) ("Discovery is not to be treated as a game of hide and seek. It should be a forthright effort to expedite litigation so that there is no unnecessary waste of time or expense. This is particularly important in a complex case such as this one.") Further, "the federal rules were intended to make trial less a game of

blind man's bluff and more a fair contest with the basic issues and facts disclosed to the false practical extent." Perfect Web Techs, Inc. v. InfoUSA, Inc., 2008 U.S. Dist. LEXIS 20761, *5 (S.D. Fla. Mar. 17, 2008).

If SEC truly intends to rely on the U.S., Japanese and European patents and applications, and the 57 references it should say so now, and disclose in detail how those references support its invalidity claims. If SEC is not relying on these references, it should also say so now so that this case can be streamlined and discovery can be completed. What SEC should not be allowed to do is engage in litigation by surprise by identifying over a hundred references knowing it will never rely on the vast majority of those references. In short, SEC should not be allowed to take the "needle in a haystack" approach to discovery with regard to its invalidity claims by identifying large numbers of references while shielding the relatively few real references that it intends to rely on in this case.

Further, in its latest response, SEC additionally qualifies its response as follows:

> Similarly, depending on the claim construction adopted by the Court, the Wilcox Book can also be combined with other references cited herein that disclose multiple color printing systems utilizing five or six color systems. Alternatively, references listed herein that teach multiple color systems that can be combined with references that disclose printing systems using multiple color systems to achieve wider gamut and better printing results, and these additional combinations would also render the claimed inventions obvious. SEC is continuing its investigation and its evaluation of the prior art reference identified herein and will supplement this response further at the appropriate time.

(Exhibit 2, p. 19). OTF is left in the dark as to what other references are being combined, what they disclose, how are they being combined, and what the additional combinations are. By failing to give OTF a straightforward answer, SEC also creates an enormous loophole for making untimely validity arguments. As counsel for SEC has pointed out, the time for investigation is over. If SEC has this information, the time to supplement is now.

### C.   OTF WILL BE SEVERLY PREJUDICED IF SEC IS NOT ORDERED TO DISCLOSE EACH BASIS FOR ITS OBVIOUSNESS DEFENSES

OTF is entitled to know SEC's positions on prior art before expert discovery so the expert discovery process can focus on the most pertinent art. Of the more than 100 items of prior art that SEC has identified, SEC has certainly formed a belief as to which pieces are the most pertinent, and how and why those pieces will be combined in an obviousness defense.

SEC's delay in disclosing its invalidity position will cause OTF clear harm. By waiting until the end of fact discovery, SEC will prevent OTF from investigating SEC's claims. It is unbalanced and unjust that OTF has detailed an element-by-element claim chart for its infringement contentions, but SEC will not do the same for its invalidity contentions. See Digitronics Corp. v. Jewel Companies, Inc., (ordering defendant to answer interrogatory asking for an element-by-element description of prior art, and noting that plaintiff, in response to defendant's interrogatories, had provided an element-by-element application of its patent claims to the accused devices." 57 F.R.D. 649, 650 (N.D. Ill. 1972).

Because untimely invalidity defenses can cause harm to a plaintiff, courts have a general rule that if a party fails to amend a prior response to discovery as required by Fed.R.Civ.P. 26(e)(2), the party is not permitted to use that evidence at trial unless the late disclosure was harmless. For Your Ease Only, Inc., v. Calgon Carbon Corp., 2003 U.S. Dist. LEXIS 20267, *9 (N.D. Ill. Nov. 12, 2003).

### II.   THE COURT SHOULD ORDER SEC TO EXPLAIN THE BASES FOR ITS CONTENTIONS THAT THE '339 PATENT IS INVALID FOR ANTICIPATION

SEC has failed to provide OTF with all the bases for its anticipation defenses. OTF requested this information in its Interrogatory No. 6, served almost nine months ago. (Exhibit 1). In that interrogatory, OTF requested that SEC identify and describe in detail the basis for any

defense, allegation or contention of SEC that any claims of the '339 patent are invalid for failure to comply with 35 U.S.C. § 102. Further, SEC has asserted invalidity based upon § 102 as a defense, and alleged invalidity in a counterclaim for declaratory relief. Thus, SEC should have some factual bases for its defenses and counterclaims. However, despite OTF's right to a straightforward answer as to what each basis is, SEC remains evasive.

### A. OTF HAS SERVED A VALID INTERROGATORY

OTF has made a valid request, and SEC's responses to date are deficient in meeting the substance of that request. For the reasons stated for Interrogatory No. 7, this is a valid interrogatory request that courts routinely order defendants to answer. Also, SEC's objections for this interrogatory should be rejected for the reasons stated for Interrogatory No. 7, and SEC should be ordered to give OTF a complete answer.

### B. SEC HAS NOT DETAILED THE BASES FOR ITS ANTICIPATION DEFENSE

SEC has failed to provide key information with respect to its anticipation defenses. SEC cites three references and gives charts for two of them that summarize why those references allegedly anticipate, but fail to specify any detail which OTF could use in analyzing these references. Specifically, in two charts (Exhibit 2, pp. 31 and 37) SEC claims to have measured two figures allegedly showing spectroscopic measurements of colors from two of the three references SEC is relying on. The copies of the figures SEC has provided to OTF provide no clue as to how SEC measured the colors on the graphs. Moreover, SEC fails to provide any explanation of how it measured the colors alleged shown in the figures, how it chose which line on the figures related to which color. SEC has failed to provide any insight on disclosure as to how it came up with the measurements it did. Importantly, it is those measurements which form the basis for its claim that those references anticipate, so those measurements are important to

SEC's validity claims. Ironically, SEC demands that OTF disclose in detail its measurements of the colors used in SEC's printers which demonstrate infringement. Specifically, at the request of SEC, OTF furnished SEC with information on how the measurements were made, such as: were they made with a spectrometer, and if so, what kind, what were the testing conditions; what kind of inks were used, and what were their concentrations, what type of paper was used; where were the measurements performed; the underlying raw data for the measurements; and all documents relating to the measurements. SEC should be ordered to provide OTF with the same information on the measurements referenced in the Berns reference (Exhibit 2, p. 31), and the Ball reference, (Exhibit 2, p. 37).

SEC again states that it "has produced prior art and other documents in which information responsive to this interrogatory can be found. (Exhibit 2, p. 7). For the reasons stated for Interrogatory No. 7, SEC has misplaced the burden of Rule 33(d) on OTF and it should be ordered to specify which documents it is referring to rather than play a game of hide and seek.

**C.    OTF WILL BE SEVERLY PREJUDICED IF SEC IS NOT ORDERED TO PRODUCE THIS INFORMATION**

For the reasons stated for Interrogatory No. 7, OTF will likewise be severely prejudiced if this Court does not order SEC to detail each basis for its anticipation defenses.

**III.    SEC SHOULD BE COMPELED TO PRODUCE COPIES OF THE PRIOR ART**

With respect to the Berns, Ball and Field references, SEC has only produced a limited portion of each reference to OTF. OTF has requested these full references; and if these references are in color, OTF has requested that they be produced in color. In its latest response, SEC qualifies its answer as follows:

> In addition, depending on the claim construction adopted by the Court, the '840 patent, the Berns reference, the Ball reference, the '213 patent and/or the Field reference, described in Interrogatory No. 6 herein, may be combined with other

prior art references, such as those identified in this response, to render the claims of the '339 patent obvious under § 103.

(Exhibit 2, p.18). Not only is OTF entitled to a straightforward answer as to exactly what other prior art references will be combined, how they will be combined, and why they will be combined, OTF is also entitled to copies of these, and any other, references in SEC's possession, custody or control.

## IV.  **CONCLUSION**

SEC should not be allowed to engage in litigation by surprise. Rather, it should be ordered to disclose exactly how **all** the references it has identified support its obviousness defense, and it should be required to do so now, not later. Also, it should be required to disclose how it measured the reflectance of the colors alleged disclosed in the references that form the basis for its anticipation defense. OTF provided the detail with respect to its infringement measurements, and SEC should be required to do so with regard to anticipation. Finally, SEC should produce full and complete copies of these, and any other, purported prior art references. For the reasons set forth above, OTF respectfully requests the Court to order the relief OTF has requested in this motion.

Respectfully submitted,

/s/ Tahiti Arsulowicz
Raymond P. Niro
Richard B. Megley, Jr.
David J. Mahalek
Tahiti Arsulowicz
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax:  (312) 236-3137

*Attorneys for Only The First*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ONLY THE FIRST'S MOTION TO COMPEL DISCOVERY FROM SEIKO EPSON CORPORATION** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

> Richard de Bodo
> Robert J. Benson
> Wei-Ning Yang
> Clive M. McClintock
> Hogan & Hartson L.L.P.
> 1999 Avenue of the Stars
> Suite 1400
> Los Angeles, CA 90067
> (310) 785-4600
> Fax: (310) 785-4601
>
> Jonathan M. Cyrluk
> Stetler & Duffy, Ltd.
> 11 South LaSalle Street, Suite 1200
> Chicago, IL 60603-1203
> (312) 338-0200
> Fax: (312) 338-0070

**Counsel for Seiko Epson Corporation**

on this 29th day of March, 2008.

/s/ Tahiti Arsulowicz