**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ONLY THE FIRST, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SEIKO EPSON CORPORATION, <br><br> Defendant. | Case No. 07-CV-1333 <br> (Consolidated with Case No. 09-CV-4655) <br><br> Judge Dow <br> Magistrate Judge Keys <br><br> JURY TRIAL DEMANDED |
| SOC-USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE DEPOT, INC. and EPSON AMERICA, INC., <br><br> Defendants. | |
| AND RELATED COUNTER ACTIONS. | |

**SEIKO EPSON CORPORATION'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT OF THE '339 PATENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant and Counterclaimant Seiko Epson Corporation ("SEC") hereby moves for summary judgment of non-infringement of U.S. Patent No. 7,058,339 ("'339 Patent). Contemporaneously with this Motion, SEC has filed (1) its Local Rule 56.1 Statement in Support of SEC's Motion for Summary Judgment of Non-Infringement of the '339 Patent; and (2) its Memorandum in Support of its Motion for Summary Judgment of Non-Infringement of the '339 Patent. In support of its Motion, SEC states:

1. All of the Asserted Claims of OTF's '339 Patent include the "green-yellow" claim limitation.

2. OTF's infringement contentions for each of the Asserted Claims require that SEC's accused yellow ink (T054420 Yellow) satisfy the "green-yellow" limitation recited in the claims. If SEC's yellow ink is not within the scope of the "green-yellow" in the Asserted Claims, either literally or under the doctrine of equivalents, then SEC's R800 and R1800 printers and ink cartridges (the "Accused Products") do not infringe the Asserted Claims of the '339 Patent.

3. As construed by the Court, in order for SEC's yellow ink to be classified as a "green-yellow," the ink must satisfy the following definition:

> "A color which, when analyzed spectroscopically, reflects in order of quantity or intensity, yellow followed by green and then orange, wherein yellow and green have the two highest quantities or intensities, respectively. The relative quantities or intensities of each color are determined by comparing the areas under the spectroscopic graph of reflectance (percent) versus wavelength occupied by the specified color. The wavelength occupied by each specified color is as follows: violet: 400-440 nm; blue: 420-490 nm; green: 490-550 nm; yellow: 550-590 nm; orange: 590-620 nm; red: 610-700 nm."

4. The evidence that OTF relies on to prove infringement shows that SEC's yellow ink, when analyzed spectroscopically, reflects in order of quantity or intensity, (1) red, (2) green, (3) yellow, (4) orange, (5) blue and (6) violet, where the relative quantities or intensities of each color are determined by comparing the areas under the spectroscopic graph of reflectance

1

(percent) versus wavelength occupied by the specified color. Accordingly, for SEC's yellow ink, red is the color with the highest quantity or intensity, green is second-highest, and yellow is <u>third</u>-highest.

5. Since yellow is not the color with the highest quantity or intensity, OTF concedes that SEC's yellow ink fails to satisfy the patent's definition of "green-yellow" and that as a result, the Accused Products do not literally infringe the Asserted Claims of the '339 Patent.

6. SEC's yellow ink cannot be considered the equivalent of "green-yellow" as a matter of law. Categorizing an ink as "green-yellow," when red and green have higher quantities or intensities than yellow, contradicts the Court's claim construction and would impermissibly eliminate the fundamental claim limitations that (1) for a color to be "green-yellow," *yellow* must have a higher quantity or intensity than any of the other five colors, and (2) an ink's categorization must be determined based on its *spectroscopic analysis*. Moreover, under the patent's definitions, if red is the color with the highest quantity or intensity, an ink might be an "orange-red" or "violet-red" – but it *cannot* be a yellow. In fact, the spectroscopic properties of SEC's yellow ink – a color in which green has a higher quantity or intensity than yellow – directly contradicts the patent's definition of "green-yellow," in which yellow must have a higher quantity or intensity than green.

7. Therefore, SEC's yellow ink is not within the scope of the claimed "green-yellow," either literally or under the doctrine of equivalents.

8. SEC's Accused Products, therefore, do not infringe any of the Asserted Claims of the '339 Patent, either literally or under the doctrine of equivalents.

WHEREFORE, SEC requests that this Court grant summary judgment that SEC has not infringed the Asserted Claims of the '339 Patent either literally or under the doctrine of equivalents.

Dated: December 14, 2009          By: /s/ Robert Benson

                                         Richard de Bodo
                                         Robert J. Benson
                                         Andrew V. Devkar
                                         HOGAN & HARTSON LLP
                                         1999 Avenue of the Stars, Suite 1400
                                         Los Angeles, CA 90067
                                         Tel: (310) 758-4600
                                         Fax: (310) 785-4601
                                         rdebodo@hhlaw.com
                                         rjbenson@hhlaw.com
                                         adevkar@hhlaw.com

                                         Jonathan M. Cyrluk
                                         STETLER & DUFFY, LTD.
                                         11 South Lasalle Street, Suite 1200
                                         Chicago, IL 60603-1203
                                         Tel: (312) 338-0200
                                         cyrlukj@stetleranduffy.com

                                         Attorneys for Defendant
                                         SEIKO EPSON CORPORATION

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Cyrluk, an attorney, certify that I caused copies of the foregoing document to be served on:

Richard B. Megley, Jr.
David J. Mahalek
Tahiti Arsulowicz
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Tel: (312) 236-0733
Fax: (312) 236-313
megleyjr@nhsn.com
mahalek@nhsn.com
arsolowicz@nshn.com

and filed via the Court's CM/ECF system this 14th day of December, 2009.

/s/ Jonathan M. Cyrluk

4