**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Only The First, Ltd., | Civil Action No. 07 C 1333 |
| Plaintiffs, | (Consolidated with 09 C 4655) |
| v. | Honorable Robert M. Dow, Jr. |
| Seiko Epson Corporation, | Hon. Magistrate Judge Keys |
| Defendants. | |
| And Related Cross Actions. | |
| | |
| SOC-USA, LLC, | |
| Plaintiffs, | |
| v. | |
| Epson America, Inc., and Office Depot, Inc., | |
| Defendants. | |
| And Related Cross Actions. | |

**DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendants and Counterclaimants Seiko Epson Corporation, Epson America, Inc., and Office Depot, Inc. (collectively "Defendants"), by their attorneys, and pursuant to Rules 54 and 55(b)(2) of the Federal Rules of Civil Procedure, respectfully request that the Court enter final judgment in favor of Defendants on claims and counterclaims in these consolidated cases. In support of their motion, Defendants respectfully state as follows:

**INTRODUCTION**

1. On September 29, 2010, the Court entered summary judgment in favor of Seiko Epson Corporation in Case No. 07 C 1333 on all of Plaintiff Only The First, Ltd.'s affirmative claims. (Dkt. 177.) Similarly, by orders dated September 29, 2010 and September 30, 2011, the Court entered summary judgment in favor of Defendants Epson America, Inc. and Office Depot, Inc. in Case No. 09 C 4655 on all of Plaintiff SOC-USA, LLC's affirmative claims. (Dkts. 175 & 255.)

2. Thereafter, the only issues remaining that prevented the Court's entry of final judgment in favor Defendants were a resolution of Defendants' counterclaims. In their counterclaims, the Defendants sought judicial declarations that Plaintiffs' asserted patents were not infringed, invalid and unenforceable.

3. In or about late 2011, Plaintiffs refused to participate in this case and respond to their counsel. This forced Plaintiffs' counsel to withdraw and the Court to enter an order of default against Plaintiffs. (Dkt. 273.) The Court should now enter a final judgment resolving all claims asserted by the parties in these consolidated case.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

4. On March 8, 2007, Plaintiff Only The First, Ltd. initiated suit against Defendant Seiko Epson Corporation, asserting a claim for infringement of U.S. Patent 7,058,339 (the "'339 Patent").

5. On April 7, 2009, Plaintiff SOC-USA, LLC initiated suit against Defendants Epson America, Inc. and Office Depot, Inc. in the United States District Court for the Southern of Florida, asserting a claim for infringement of U.S. Patent 7,465,018 (the "'018 Patent"). The Southern District of Florida transferred the case to this Court and it was given case No. 09 C 4655. This Court consolidated that case with Case No. 07 C 1333.

6. Each of the Defendants answered the complaints and filed declaratory relief counterclaims for noninfringement, invalidity and unenforceability of the patents asserted against them.

7. On December 11, 2009, December 14, 2009, and December 2, 2010, the Defendants moved for summary judgment on each of Plaintiff's affirmative claims. The Court granted these summary judgment motions:

- On September 29, 2010, the Court granted Seiko Epson Corporation's motion for summary judgment of noninfringement of the '339 Patent. (Dkt. 177.)
- On September 29, 2010, the Court granted Epson America, Inc.'s and Office Depot, Inc.'s motion for summary judgment of invalidity as to claims 7, 9, 15, 17, 19 and 21 of the '018 Patent. (Dkt. 175.)
- On September 30, 2011, the Court granted Epson America, Inc.'s and Office Depot, Inc.'s motion for summary judgment of invalidity of the remaining asserted claims of the '018 Patent—claims 11, 13, 27 and 29. (Dkt. 255.)

8. Thus, after the Court's rulings on Defendants' motions for summary judgment, the only remaining unresolved claims were Defendants' counterclaims.

9. In or about late 2011, Plaintiffs stopped communicating with their counsel of record. Therefore, on December 14, 2011, Plaintiffs' former counsel filed a motion to withdraw. (Dkt. 263.) The Court entered and continued that motion several months to allow Plaintiffs the opportunity to re-engage with their counsel. Plaintiffs continued to neglect their counsel and this case. Therefore, at a March 8, 2012 status hearing, the Court granted Plaintiffs' motion to withdraw the appearance of Raymond P. Niro, Richard B. Megley, Jr., David J. Mahalek, and Tahiti Arsulowicz and the firm of Niro, Haller & Niro. (Dkt. 267.)

10. The Court gave Plaintiffs until April 16, 2012 to obtain new counsel, and ordered Plaintiffs' new counsel to appear at an April 17, 2012 status hearing. (Dkt. 268.) The Court

warned Plaintiffs that if new counsel did not appear at the April 17, 2012 hearing, "Plaintiffs may face sanctions up to and including dismissal for want of prosecution."[1]

11. After the March 8 status hearing, the Niro firm served Plaintiffs with a copy of the Court's March 8, 2012 Minute Order, served Defendants with the last known address of Plaintiffs' principals, and filed with the Court a certificate of such services.

12. On April 17, 2012, Defendants appeared at the scheduled status hearing. Neither Plaintiffs nor any counsel purporting to represent Plaintiffs appeared at the hearing. Therefore, the Court instructed Defendants to submit an Order of Default. On June 15, 2012, the Court entered the Order of Default. (Dkt. 273.) On June 20, 2012, Defendants served a copy of the order of default on Plaintiffs. (Dkt. 274.)

13. In view of Plaintiffs' failure to appear at the April 17 hearing, the Counterclaimants told the Court at the April 17 hearing that they would apply for a default judgment and final judgment with respect to all of Plaintiffs' claims and their counterclaims.

14. Since the April 17 hearing, no one has entered an appearance on behalf of the Plaintiffs.

## ARGUMENT

15. The Court should enter final judgment in these consolidated cases on both Plaintiffs' affirmative claims and Defendants' counterclaims. First, pursuant to the Court's summary judgment orders, the Court should enter final judgment in favor of Defendants on Plaintiffs' affirmative claims.

16. Second, pursuant to Fed. R. Civ. P. 55(b)(2), the Court should enter a default judgment in favor of Defendants on their counterclaims because Plaintiffs are in default and, therefore, have admitted the allegations contained in the counterclaims. *See, e.g., Labarbera v.*

---

[1] 3/8/12 Minute Order, Docket No. 267 (citing *Harrington v. City of Chicago*, 433 F.3d 542, 549-50 (7th Cir. 2006)).

*ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) ("default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages").

WHEREFORE, Defendants respectfully request that the Court direct the Clerk of the Court to enter a Final Judgment in favor of Defendants and against Plaintiffs on all claims and counterclaims asserted in these consolidated cases, and grant such other relief as the Court deems just and proper. (A draft order is attached hereto as Exhibit 1.)

Dated: June 29, 2012

Respectfully submitted:

SEIKO EPSON CORPORATION, EPSON, AMERICA, INC., and OFFICE DEPOT, INC.

By: /s/ Jonathan M. Cyrluk
      One of their Attorneys

Richard de Bodo
Andrew Devkar
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

Jonathan M. Cyrluk
Carpenter Lipps & Leland LLP
180 North LaSalle
Suite 2640
Chicago, IL 60603-1203
Tel: 312.777-4300
cyrluk@carpenterlipps.com

320636

## CERTIFICATE OF SERVICE

      Jonathan M. Cyrluk, an attorney, hereby certifies that he caused a true and correct copy of the foregoing **Defendants' Motion for Entry of Final Judgment** to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system and on Plaintiffs and Counter-Defendants by electronic mail and Federal Express International delivery to:

> Only the First, Ltd.
> SOC-USA, LLC
> c/o Mr. Michael Wilcox
> Greyslik Farm
> Hundleton
> Pembrokeshire
> SA71 5RL
> United Kingdom
> Email: michael@schoolofcolour.com

this 29th day of June, 2012.

                                                          /s/ Jonathan M. Cyrluk

Jonathan M. Cyrluk
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Tel: (312) 777-4820
cyrluk@carpenterlipps.com